**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:16-CV-077-FDW-DCK**

| | |
|---|---|
| AMIR FARAZAD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| SAMER ARRIS, and EMIRATES | ) |
| CONSULTING GROUP, LLC, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion To Compel" (Document No. 23). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and the applicable authority, the undersigned will <u>deny</u> the motion, without prejudice.

This matter is governed by the "Case Management Order" (Document No. 14). The Case Management Order" provides in pertinent part the following:

> Consistent with the spirit, purpose, and explicit directives of the Federal Rules of Civil Procedure and this District's Local Rules, the Court expects all parties (and counsel) to attempt in good faith to resolve discovery disputes without the necessity of court intervention. Failing this, **the parties are required, within fourteen (14) calendar days after a discovery dispute arises,[1] to schedule and submit to an informal telephonic conference before the referral magistrate judge** (or the presiding district judge, if the magistrate judge is unavailable prior to the expiration of the 14 days). The judicial officer presiding over such a teleconference shall have jurisdiction to: (i) mediate the parties' own resolution of the dispute; (ii) make a summary legal

---
[1] This time limitation may only be extended with leave of Court for good cause shown, and failure to timely submit to this procedure will result in the objection being deemed waived. (Document No. 14, p.5, n.3).

> determination on the merits of the dispute, if appropriate; (iii) require the aggrieved party to file a written motion to compel and/or set an abbreviated briefing schedule, if appropriate; and (iv) award appropriate sanctions pursuant to Rule 37.

(Document No. 14, pp.4-5) (emphasis added). It does not appear that the parties have satisfied the requirements of the "Case Management Order."

In addition, the undersigned observes that there is a pending "Motion To Withdraw As Counsel" (Document No. 21), and a pending "Motion To Amend The Scheduling Order" (Document No. 24). The undersigned notes that case deadlines are imminent, including discovery completion currently set for October 14, 2016. (Document No. 14).

The "Motion To Withdraw As Counsel" (Document No. 21), filed by Defendants' counsel, does not include written consent of the client(s). See Local Rule 83.1(F). Therefore, the Court will direct Defendants to file a response to the "Motion To Withdraw As Counsel" (Document No. 21), *with or without the assistance of counsel*, describing their position on their attorneys' motion to withdraw. Until otherwise ordered, Kyle A. Frost and Arnold & Smith, PLLC shall continue as counsel for Defendants. Mr. Frost shall promptly confer with Defendants regarding the requirements of this Order.

The undersigned notes that corporate defendants, such as Emirates Consulting Group, LLC, are not permitted to proceed without counsel. See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries, for example, that a corporation may appear in the federal courts only through licensed counsel.") (citations omitted); see also MR Crescent City, LLC v. TJ Biscayne Holdings LLC, 2013 WL 1243541, at \*\*1 (4th Cir. March 28, 2013) (citing United States v. Hagerman, 545 F.3d 579, 581–82 (7th Cir. 2008) (LLCs, like corporations, are not permitted to proceed pro

se). As such, at least Defendant Emirates Consulting Group, LLC, must resolve its dispute with current counsel and/or retain new counsel.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion To Compel" (Document No. 23) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff <u>and</u> Defendants shall file responses to the pending "Motion To Withdraw As Counsel" (Document No. 21) on or before **October 11, 2016**.

**IT IS FURTHER ORDERED** that Defendants shall file responses to the pending "Motion To Amend The Scheduling Order" (Document No. 24) on or before **October 11, 2016**.

**SO ORDERED**.

Signed: September 29, 2016

David C. Keesler
United States Magistrate Judge